**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>EMERSON TYRONE JACKSON a/k/a "Turk",<br><br>       Defendant. | **No. 08-CR-4022-DEO**<br><br>**ORDER** |

On July 18, 2008, a jury found the defendant, Emerson Tyrone Jackson ("Jackson" or "the defendant") guilty of conspiracy to manufacture and distribute crack cocaine, three counts of distribution of crack cocaine and one count of aiding and abetting in the distribution of crack cocaine. At the close of the Government's evidence, Jackson's counsel moved the Court for judgment of acquittal pursuant to FED. R. CRIM. P. 29. This motion was denied by the Court. The defendant, as is his right, did not present any evidence, and thus there was no renewal of this motion during the trial. The defendant has now filed a renewed motion for judgment of acquittal, and in the alternative, a motion for new trial. Both of these motions are now before the Court. The Court held a hearing on these matters on September 9, 2008, and has

reviewed the briefs filed herein and is persuaded that the issues are fully submitted and ready for disposition.

## MOTION FOR JUDGMENT OF ACQUITTAL

Under Federal Rule of Criminal Procedure 29(a), "if the evidence is insufficient to sustain a conviction of such offense or offenses[,]" a court may enter a judgment of acquittal on one or more counts. This Court is aware that it has "very limited latitude when considering a motion for acquittal." United States v. Yockel, 320 F.3d. 818, 824 (8th Cir. 2003).

"[T]he district court is not to weigh the evidence or consider the credibility of the witnesses but rather to determine whether the government has presented evidence on each element sufficient to support a jury verdict." United States v. Chavez, 230 F.3d 1089, 1091 (8th Cir. 2000). "In reviewing the sufficiency of the evidence, [the district court] view[s] the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." United States v. White, 81 F.3d 80, 82 (8th Cir. 1996). "The jury's verdict

2

must be upheld if there is an interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." Powell v. United States, 231 F.3d 464, 465 (8th Cir. 2000).

"After reviewing the evidence under these standards, we will reverse only if we conclude that no reasonable jury could find guilt beyond a reasonable doubt." United States v. Basile, 109 F.3d 1304, 1310 (8th Cir. 1997). If the evidence is such that reasonable minds might differ as to the outcome, then the question is one of fact for the jury to resolve, not a matter of law to be decided by the court. United States v. Wyant, 576 F.2d 1312, 1315 (8th Cir. 1978).

At the hearing on these motions, the defendant's counsel urged that his motions were targeted primarily at the conspiracy count. The Court will focus on the conspiracy count, but will state first that it is persuaded that there was sufficient evidence to sustain the conviction on three counts of distribution. The Government presented three witnesses (Garner McCoy, Christie Hejhal and Myree Coleman) who participated in four separate controlled drug purchases from this defendant. The Government also presented testimony

3

from law enforcement officials who coordinated, monitored and reported on the controlled purchases. The Court is persuaded that there was an interpretation of the evidence that would have allowed this jury to find the defendant guilty in this instance.

Additionally, on the aiding and abetting charge, the Court is also persuaded that there was sufficient evidence to support the conviction. "The elements of aiding and abetting are (1) that the defendant associated himself with the unlawful venture; (2) that he participated in it as something he wished to bring about; and (3) that he sought by his actions to make it succeed." United States v. Lanier, 838 F.2d 281, 284 (8th Cir. 1988)(citing United States v. Sopczak, 742 F.2d 1119, 1121-22 (8th Cir. 1984).

During trial, the Government presented evidence from law enforcement officials, as well as others, regarding the defendant's actions in distributing and/or aiding and abetting in the distribution of crack cocaine. Law enforcement officials orchestrated four controlled purchases with three different confidential informants. These confidential informants, as well as the law enforcement officials involved,

4

testified at trial.  The Court is persuaded that the Government presented sufficient evidence on each element to support the jury's verdict as to aiding and abetting.

As stated above, it is the conspiracy charge that the defendant has asked the Court to review most closely.  "To convict a defendant of conspiracy, the government must prove beyond a reasonable doubt the following elements: (1) there was a conspiracy with an illegal purpose, (2) the defendant knew about the conspiracy, and (3) the defendant knowingly became a part of it."  United States v. White, 241 F.3d 1015, 1022 (8th Cir. 2001)(citing United States v. Mosby, 177 F.3d 1067, 1069 (8th Cir.1999); United States v. Bass, 121 F.3d 1218, 1220 (8th Cir.1997)).

"Either direct or circumstantial evidence can provide the basis of a conviction [for a conspiracy]."  United States v. Jiminez-Perez, 238 F.3d 970, 973 (8th Cir. 2001).  "Once the government establishes the existence of a conspiracy, only slight evidence is required to link a defendant to the conspiracy.  This places a heavy burden on a defendant challenging the sufficiency of the evidence in a conspiracy case."  Id.

5

The Government presented ten witnesses who all testified to their knowledge of the defendant's drug involvement and their own involvement in the defendant's alleged drug conspiracy. These witnesses corroborated one another as to certain evidence and presented consistent testimony of how the defendant went about conspiring to distribute and manufacture crack cocaine.

As set out in the cases cited above, the Court acknowledges the tough burden that the defendant must overcome to receive a judgment of acquittal post-verdict. Regardless as to what this Court felt the outcome of the trial should have been, this Court cannot say that "no construction of the evidence exists to support the jury's verdict." Therefore, this Court is persuaded that a judgment of acquittal is not appropriate here, and the motion is **denied.**

## MOTION FOR NEW TRIAL

Under Federal Rule of Criminal Procedure 33, this Court "on motion of [the] defendant may grant a new trial to a defendant if required in the interest of justice." This Court has "wide discretion in deciding whether to grant a new trial in the interest of justice[,]" but "[t]his authority should be

6

exercised sparingly and with caution[.]" United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980). This Court has greater authority to grant a new trial than to grant a judgment of acquittal. United States v. Ruiz, 105 F.3d 1492, 1501 (1st Cir. 1997).

When the defendant moves for a new trial on the basis that "the verdict is contrary to the weight of the evidence, the district court must weigh the evidence and evaluate the credibility of the witnesses, and will set aside the verdict *only* if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." United States v. Lanier, 838 F.2d 281, 284-85 (8th Cir. 1988) (emphasis added).

As to Count 1, after the Government establishes the existence of a conspiracy, the Government needs only slight evidence to link the defendant to the conspiracy. United States v. Jiminez-Perez, 238 F.3d 970, 973 (8th Cir. 2001). This can be accomplished either by direct or circumstantial evidence. Id. This Court is persuaded that the Government provided ample evidence to establish that this defendant was involved in an existing conspiracy and that the defendant was

7

involved with 50 grams or more of crack cocaine.

This Court is persuaded that the jury's verdict was not a "miscarriage of justice" and that the verdict is not sufficiently contrary to the weight of the evidence. As previously discussed in the judgment of acquittal section, the evidence does not weigh sufficiently against the verdict such that a miscarriage of justice occurred. The Government presented numerous witnesses who all testified to this defendant's involvement in a conspiracy. Their testimony was consistent and corroborated by others, including law enforcement officials.

This Court has reviewed its notes and recollections from trial and has carefully evaluated the credibility of the witnesses presented, specifically those hoping to receive some benefit from their testimony. After going through this analysis, the Court did not find any reasons to discredit any of the testimony to the extent that it would come close to a "miscarriage of justice," and can not do so simply because some of the witnesses were hoping to get shorter sentences because of their testimony. This fact in and of itself is not enough to discredit the testimony of these witnesses. The

evidence against this defendant was consistent and abundant. Therefore, this Court concludes that a new trial is not warranted and the motion is **denied**.

**IT IS THEREFORE HEREBY ORDERED** that the defendant's motions for judgment of acquittal and motion for new trial, Docket No. 57, are **denied**.

**IT IS SO ORDERED** this 10th day of November, 2008.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa